**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01744 VAP (DTBx)                    Date:  December 12, 2011

Title:        NEHAD AYYOUB -*v*- WELLS FARGO HOME MORTGAGE, INC., et. al.
===============================================================
PRESENT:         HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard                                   None Present
Courtroom Deputy                                Court Reporter

ATTORNEYS PRESENT FOR               ATTORNEYS PRESENT FOR
PLAINTIFFS:                         DEFENDANTS:

        None                                None

PROCEEDINGS:            MINUTE ORDER REMANDING CASE FOR LACK OF
                        SUBJECT-MATTER JURISDICTION (IN CHAMBERS)

        On October 3, 2011, Plaintiff Nehad Ayyoub filed the instant action in the
California Superior Court for the County of San Bernardino, alleging Defendants
Wells Fargo Home Mortgage, Inc., Well Fargo Bank, N.A., First American Title
Insurance Co., U.S. Bank, N.A., Bear Stearns ARM Trust 2004-4, and Mortgage
Electronic Registration System committed various torts and statutory violations in the
course of transferring or securitizing a mortgage loan on Ayyoub's property.  (See
Ex. 1 to Not. of Removal (Doc. No. 1).)  On November 2, Defendant First American
Trustee Servicing Solutions (the proper name of Defendant First American Title
Insurance Co.) filed a Declaration of Non-Monetary Status in superior court.  (See
Ex. 2 to Not. of Removal.)  The same day, Defendants filed a Notice of Removal
premised on the parties' complete diversity, as the only non-diverse party, First

MINUTES FORM 11                              Initials of Deputy Clerk ___md___
CIVIL -- GEN                      Page 1

EDCV 11- 01744 VAP (DTBx)
NEHAD AYYOUB v. WELLS FARGO HOME MORTGAGE, INC., et. al.
MINUTE ORDER of December 12, 2011

American Trustee Servicing Solutions ("First American"), allegedly became a non-entity for the purpose of determining diversity when it filed its Declaration of Non-Monetary Status.  See Silva v. Wells Fargo Bank NA, No. CV 11-3200 GAF (JCGx), 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011).  Problematically for the removing Defendants, as discussed below, First American did not yet have non-monetary status at the time of removal.  Without non-monetary status, First American was a non-diverse Defendant.  If First American was non-diverse, this Court lacked subject-matter jurisdiction at the time of removal.  Without subject-matter jurisdiction, Defendants could not remove the action to this Court.

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendants removed this action based on the Court's diversity jurisdiction.  Diversity jurisdiction exists when no plaintiff resides in the same state as any defendant (the complete diversity rule), and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The Ninth Circuit recognizes an exception to the complete diversity rule, however, and allows the exercise of diversity jurisdiction over a case in which a non-diverse party is merely a "nominal or formal party who ha[s] no interest in the action . . . ."  Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000).  Courts in this district have recognized that a party's successful declaration of non-monetary status, under California Civil Code § 2924l, is sufficient to render that party a mere "nominal or formal party" for the purpose of establishing diversity jurisdiction.  See Silva, 2011

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                          Page 2

EDCV 11- 01744 VAP (DTBx)
NEHAD AYYOUB v. WELLS FARGO HOME MORTGAGE, INC., et. al.
MINUTE ORDER of December 12, 2011

WL 2437514, at *4 (listing cases).

But a party declaring non-monetary status does not actually have non-monetary status until 15 days have passed from the filing of its declaration.  Silva, 2011 WL 2437514, at *4 (citing Sun v. Bank of Am. Corp., No. 10-0004, 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010)).  Defendants removed this case on the same day that First American, a California corporation, filed its Declaration of Non-Monetary Status in superior court.  To remove the case to this Court successfully, Defendants bear the burden of showing diversity existed at the time of removal.  Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002).  Since First American could not have attained non-monetary status until 15 days later, its presence in this action means that complete diversity did not exist when Defendants removed the case to this Court.  Accordingly, on its own motion, the Court REMANDS this action to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**

MINUTES FORM 11                                    Initials of Deputy Clerk ___md___
CIVIL -- GEN                         Page 3